Case 1:25-cv-00586-JLT-SAB   Document 1   Filed 05/19/25   Page 1 of 6

UNITED STATES DISTRICT COURT
For the Southern District of Ohio

**FILED**
MAY 19 2025
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

Antoinette Hollowayn individually,
And on behalf of affected parties,
    Plaintiff,

v.

CIVIL ACTION:

1:25-cv-00586-JLT-SAB

City of Cincinnati, Ohio,

Cincinnati Police Department,

Chief Teresa Theetge (in her individual and official capacities),

John Doe Officers #1–10,

Hamilton County Sheriff's Department,

and Jane/John Does #11–20,

    Defendants.

**RECEIVED**
MAY 19 2025
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

COMPLAINT FOR DAMAGES
AND INJUNCTIVE RELIEF
(42 U.S.C. § 1983, § 1985, and Related Claims)

JURY TRIAL DEMANDED

## INTRODUCTION

1. This civil rights action arises from the fatal shooting of Ryan Hinton by Cincinnati police officers following an unconstitutional and excessive use of force during a foot pursuit, and the subsequent unlawful arrest, detention, and denial of bond to Cynsere Grigsby, Jurell Austin, and Deanthony Bullock.

2. Plaintiff asserts that the actions of the Cincinnati Police Department and affiliated law enforcement agencies violated the Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution, as well as provisions of the Cincinnati Police Department Manual, federal statutes, and civil rights protections under 42 U.S.C. §§ 1983 and 1985.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343(a)(3), and 1367.

4. Venue is proper in this district under 28 U.S.C. § 1391(b) because the events giving rise to these claims occurred in Hamilton County, Ohio.

## PARTIES

5. Plaintiff is an individual with standing to bring this action on behalf of the deceased Ryan Hinton and the unlawfully detained individuals listed herein.

6. Defendant City of Cincinnati is a municipal corporation responsible for the policies, practices, and conduct of the Cincinnati Police Department.

7. Defendant Chief Teresa Theetge is the Chief of Police for Cincinnati, Ohio, and is sued in her official and individual capacities for her role in the oversight and enforcement of unconstitutional practices.

8. Defendants John Doe Officers #1–10 are Cincinnati police officers whose identities are currently unknown but who participated in or enabled the use of excessive force, unlawful pursuit, and civil rights violations.

9. Defendant Hamilton County Sheriff's Department is responsible for the custody and supervision of Cynsere Grigsby, Jurell Austin, and Deanthony Bullock.

10. Defendants Jane/John Does #11–20 are correctional, judicial, and law enforcement officials involved in the denial of bond and due process rights to the detained individuals.

## FACTUAL ALLEGATIONS

11. On or about May 1, 2025, Ryan Hinton was involved in a police foot pursuit initiated by Cincinnati Police Department officers.

12. During the pursuit, officers fired four to five rounds at Mr. Hinton, killing him in violation of Cincinnati Police Manual Section 12.536(D), which requires termination of pursuit when the suspect is not an immediate threat and can be apprehended later.

13. Ryan Hinton posed no immediate threat to public or officer safety. His identity was known, and the use of deadly force was unjustified and unconstitutional.

14. Following Mr. Hinton's death, Cynsere Grigsby, Jurell Austin, and Deanthony Bullock were arrested and charged with multiple offenses, including obstruction of official business, receiving stolen property, improperly handling a firearm, and weapons under disability.

15. All three were denied bond and are currently held at the Hamilton County Justice Center, despite being charged with non-violent offenses and posing no flight risk or immediate threat.

16. The denial of bond and the charges filed reflect a pattern of discrimination, abuse of judicial discretion, and deprivation of rights protected under the U.S. Constitution.

17. There is a widespread custom, policy, and practice within the Cincinnati Police Department of using excessive force, conducting unlawful foot pursuits, and targeting Black individuals for prosecution and punishment without proper legal process.

## CLAIMS FOR RELIEF

### COUNT I

## EXCESSIVE FORCE

### (Fourth and Eighth Amendments; 42 U.S.C. § 1983)

18. Defendants violated the Fourth and Eighth Amendment rights of Ryan Hinton by using deadly force during a foot pursuit where he posed no immediate threat to officers or the public. The use of such force was excessive, unreasonable, and unconstitutional.

## COUNT II

## DENIAL OF DUE PROCESS

### (Fourteenth Amendment; 42 U.S.C. § 1983)

19. The detention of Cynsere Grigsby, Jurell Austin, and Deanthony Bullock without bond or access to due process constituted a violation of their Fourteenth Amendment rights. These individuals were not afforded a fair opportunity to contest the charges or justify release.

## COUNT III

## EQUAL PROTECTION VIOLATION

### (Fourteenth Amendment; 42 U.S.C. § 1983)

20. The denial of bond and harsh treatment of these individuals was discriminatory and based on race, violating the Equal Protection Clause. The policies were applied unequally compared to similarly situated non-Black individuals.

## COUNT IV

## CIVIL CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS

### (42 U.S.C. § 1985(3))

21. Defendants conspired to violate Plaintiffs' civil rights by participating in a collective effort to conceal, justify, or perpetuate illegal force, detention, and deprivation of due process. This conspiracy targeted a specific racial group with intent to intimidate and punish.

## COUNT V

## MUNICIPAL LIABILITY

### (Monell v. Department of Social Services)

22. The City of Cincinnati is liable under Monell because it maintains policies or customs that result in the use of excessive force, racial discrimination, denial of due process, and failure to train or supervise officers appropriately.

## COUNT VI

## FAILURE TO INTERVENE AND SUPERVISE

### (42 U.S.C. § 1983)

23. Supervisory officials, including Chief Teresa Theetge and correctional authorities, failed to intervene or correct the unlawful acts despite knowledge of constitutional violations occurring under their authority.

## COUNT VII

## HUMAN TRAFFICKING AND INVOLUNTARY SERVITUDE

### (18 U.S.C. § 1589 AND §

### CIVIL ACTION FOR TRAFFICKING VICTIMS' PROTECTION ACT VIOLATIONS

24. Defendants violated federal anti-trafficking laws by unlawfully detaining process, threats, violence, and systemic coercion. These actions constituted a form of forced labor and involuntary servitude for profit and state benefit. The wrongful incarceration o Black men- following the unlawful killing of Ryan Hinton- was not incidental, but a continuation of judicial, correctional, and law enforcement means.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. Compensatory damages in the amount of $100 million for the wrongful death of Ryan Hinton and the unlawful detention of Cynsere Grigsby, Jurell Austin, and Deanthony Bullock;

b. Punitive damages against Defendants whose conduct was reckless, malicious, and in callous disregard for Plaintiffs' constitutional rights;

c. Declaratory judgment that Defendants' actions violated the United States Constitution and federal civil rights laws;

d. Injunctive relief ordering the release of the unlawfully detained individuals or, alternatively, the issuance of fair bond hearings.

Respectfully submitted 13th of May 2025.

Antoinette Holloway
Plaintiff
1214 Ogilvie Dr Ne
Atlanta, Ga 30324
470 718 1590
Pbm4antoinette@gmail.com